UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DAVID MACARROLL MONROE, JR., | Case No. 1:23-cv-11181 |
| *Plaintiff,* | Hon. Thomas L. Ludington<br>District Judge |
| v. | Hon. Patricia T. Morris<br>Magistrate Judge |
| CURTIS ALWARD and CODY SITERLET, | |
| *Defendants.* | |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 22)

Plaintiff David Macarroll Monroe, Junior, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights during a traffic stop. (ECF No. 1). Monroe is currently incarcerated, and on May 20, 2024, he filed a second motion for the appointment of counsel. (ECF No. 22). For the reasons explained below, this motion will be **DENIED WITHOUT PREJUDICE**.

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332

1

F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiff's ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiff's ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, the plaintiff's prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

Courts may decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g., Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham*

*v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

Monroe first moved for the appointment of counsel on January 5, 2024. (ECF No. 20). In denying that motion, the Court explained that "the case is not complex, and it is in its beginning stages due to the recent filing of an amended complaint. [Monroe] has adequately represented himself thus far and appears capable of managing the case at this time." (ECF No. 21, PageID.75). While the remaining defendants have since moved for summary judgment, the Court nonetheless continues to find that the circumstances of the case do not warrant the appointment of counsel.

Monroe has continued to clearly express himself in writing to the Court and ably manage the case. For instance, he has amended his complaint, and he has responded—after successfully requesting an extension—to defendants' summary judgment motion. Further, defendants' pending motion for summary judgment is fully briefed, meaning there is no additional work for an attorney to do while the Court considers it.

Accordingly, **IT IS ORDERED** that Monroe's second motion for the appointment of counsel (ECF Nos. 22) is **DENIED WITHOUT PREJUDICE**. Monroe may file a new motion for the appointment of counsel *if* any claims survive summary judgment. The Court will not consider appointing counsel until such a time.

Date: September 10, 2024

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge