UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID MACARROLL MONROE, JR.,

        Plaintiff,                              Case No. 1:23-cv-11181

v.                                                   Honorable Thomas L. Ludington
                                                      United States District Judge

CURTIS ALWARD, et al.,

                                                        Honorable Patricia T. Morris
       Defendants.                     United States Magistrate Judge
_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANTS ALWARD AND SITERLET'S MOTION FOR SUMMARY JUDGMENT, (4) DENYING PLAINTIFF'S MOTION TO RESPOND AS MOOT, AND (5) DISMISSING PLAINTIFF'S COMPLAINT**

This case stems from a traffic stop during which Defendants Curtis Alward and Cody Siterlet identified a firm, baseball-sized foreign object in Plaintiff David Macarroll Monroe, Jr.'s underwear. The foreign object turned out to be a plastic bag containing large amounts of cocaine and fentanyl. Plaintiff later sued Defendants under 42 U.S.C. § 1983, alleging that the officer's groped his genitalia and anus during the search, violating his Fourth and Fourteenth Amendment rights. The case was then referred to Magistrate Judge Patricia T. Morris for all pretrial matters.

After the referral, Defendants filed a motion for summary judgment, arguing that they did not violate Plaintiff's constitutional rights, and even if they did, they are entitled to qualified immunity. Judge Morris issued a report (R&R) recommending that this Court grant Defendants' Motion and dismiss this case. Plaintiff objected. And Plaintiff filed a motion seeking an update on Plaintiff's filings related to Defendants' Motion for Summary Judgment and a copy of the "register of action" to determine the dates they were filed. As explained below, Plaintiff's objections to the R&R will be overruled, the R&R will be adopted, Defendants' Motion for Summary Judgment

will be granted, Plaintiff's Motion to Respond and Request for Register of Actions will be denied as moot, and this case will be dismissed.

**I.**

The facts of this case are succinctly summarized as follows:

Parked on the shoulder of an interstate highway at nighttime, State Troopers Alward and Wessels observed a Jeep pass them with a defective license plate light— a civil infraction under Michigan's Motor Vehicle Code. MICH. COMP. LAWS §§ 257.683(6), 257.686. Trooper Alward drove behind the Jeep, shut off his headlights to confirm that the Jeep's license plate was not illuminated, and flashed his emergency lights. Alward and Wessels then pulled behind the Jeep as it stopped on the side of the road.

Once parked, Alward approached the front, driver-side window as Wessels walked toward the passenger-side of the vehicle. After asking Monroe, the driver and sole occupant of the Jeep, to produce his license, Alward explained why he had pulled Monroe over, advised him to replace the defective bulb, and assured Monroe that he would not "write [him] a citation." Alward then asked Monroe whether he had "been in trouble before," and after Monroe admitted that was on parole for charges related to "drugs and guns," Alward ordered Monroe to exit the vehicle. Monroe complied, and Alward proceeded to frisk the outer layer of Monroe's clothing. During this frisk, Alward reached into both of Monroe's front pockets and pulled out a wad of cash, totaling over six hundred dollars. The pat down lasted fewer than thirty seconds, and Alward did not place his hands over Monroe's anus or groin.

After finishing the pat-down, Alward returned Monroe's cash and ordered him to remain outside while he and Wessels returned to the patrol car with Monroe's license. Wessels told Alward that she had noticed a "scale on the passenger seat," and Alward exited the patrol car to look through the windows on the passenger side of Monroe's Jeep. While Alward was inspecting Monroe's passenger seats, another state trooper, Siterlet, arrived and parked behind Alward's vehicle.

Siterlet looked up Monroe on a Michigan Department of Corrections ("MDOC") database and confirmed that he was on parole and had consented to searches of his "person or property" as a condition of his release. While Siterlet was explaining Monroe's parole status to Alward, Monroe approached the two troopers. Because Monroe was wearing only a T-shirt and sweatpants in below-fifty-degree weather, he asked for permission to sit in one of their patrol cars. Alward ignored Monroe's request and asked him whether he would find "anything" in Monroe's car. Monroe told Alward that he could "just search it," and again asked for permission to sit in a patrol car.

While Alward and Wessels proceeded to search the interior of Monroe's car,

Siterlet offered to allow Monroe to sit in his patrol car. On the way to the car, Siterlet told Monroe that he would need to "search his person before he entered" the patrol car. In front of his vehicle's dash camera, Siterlet reached into Monroe's left pocket and pulled out his cash. Siterlet returned the cash to Monroe's pocket, patted down Monroe's left ankle, and then reached into Monroe's right pocket. While reaching into Monroe's pocket, Siterlet "struck a foreign object that appeared to be inside [Monroe's] pants" and "underneath his butt." Suspecting that Monroe was "hiding narcotics," Siterlet immediately removed his hand from Monroe's pocket and placed him in handcuffs. The entire pat down lasted about fifteen seconds.

Siterlet then escorted Monroe to the front of Alward's vehicle, in full view of Alward's dash camera, and asked Alward and Wessels to join him. With Alward holding onto Monroe, Siterlet pulled back Monroe's sweatpants and reached his hand over Monroe's underwear to show the suspected narcotics to Alward and Wessels. After briefly examining Monroe's underwear, Alward returned to finish the vehicle search. Wessels helped restrain Monroe while Siterlet held onto the suspected narcotics, placing his hand between Monroe's sweatpants and underwear.

A few minutes later, Alward finished searching Monroe's vehicle and returned to continue inspecting the suspected narcotics. Around this time, another officer arrived to assist the troopers. As Wessels continued to restrain Monroe, Alward pulled back Monroe's sweatpants while he and the new officer shined flashlights onto Monroe's underwear. Siterlet then continued to reach into Monroe's pants, demonstrating the bulge he believed to contain illicit substances. Alward explained that the bulge was about the size of a baseball and that it was too far back in Monroe's pants to be his genitalia. He also explained that he could wrap his hand around the object and pull it away from Monroe's body, proving that it was "standing alone in his pants and was not attached to his body or any other items."

Officers then arrested Monroe and transported him to the Saginaw County Jail. There, officers escorted Monroe into a body scanner which revealed a "circular object . . . between his legs" and "just under his genitals." Officers then removed Monroe's underwear and discovered a "pocket in his groin area." The circular object, hidden within this pocket, was a "large clear plastic baggy" containing three, smaller baggies—two with "an unknown white substance" and one with "a brown powdery substance." Officers submitted the bags to the Michigan State Police Crime Lab for analysis, and the lab report concluded that the bags contained over thirteen grams of cocaine and over thirteen grams of fentanyl.

Monroe was charged and pled guilty without moving to suppress the scale, cash, or narcotics from evidence.

ECF No. 31 at PageID.233–37 (internal citations omitted).

On May 18, 2023, Plaintiff filed a *pro se* Complaint under 42 U.S.C. § 1983, ECF No. 1, which he later amended, ECF No. 16. The Amended Complaint alleges that Defendants Curtis Alward and Cody Siterlet searched Plaintiff's person without consent and molested him by groping and fondling his anus and genitalia during the traffic stop. ECF No. 16 at PageID.44–45. Though his claims are unclear, Plaintiff seemingly alleges that Defendants' alleged conduct violated his Fourth Amendment rights and Fourteenth Amendment rights to due process and equal protection. *See id.*

On May 19, 2023, this case was referred to Magistrate Judge Patricia T. Morris for all pretrial matters. ECF No. 5. On May 31, 2024, Defendants filed a motion for summary judgment. ECF No. 25. Plaintiff responded to this Motion, ECF No. 28, and later filed a motion seeking an update on his filings related to the Motion and a copy of the "register of actions" to confirm his filings, ECF No. 33.

**II.**

On January 6, 2025, Judge Morris issued a report (R&R) recommending that this Court grant Defendants' Motion for Summary Judgment and dismiss this case. ECF No. 31. First, the R&R concluded that Plaintiff did not allege sufficient facts to sustain either an Equal Protection or Due Process violation, so summary judgment for Defendants was warranted on those claims. *Id.* at PageID.241–42.

Second, the R&R concluded that to the extent Plaintiff's Fourth Amendment claim challenges that Defendants lacked a sufficient basis for their pat-downs, R&R concluded that this claim fails because Plaintiff consented to all searches of his person and property as a condition of

his parole. *See id.* at PageID.242–46 (citing MICH. COMP. LAWS § 791.236(19) and *Samson v. California*, 547 U.S. 843, 850–57 (2006)).

Third, the R&R concluded that to the extent Plaintiff's Fourth Amendment claim contends Defendant's pat-downs were objectively unreasonable because Plaintiff alleged that the officers sexually assaulted him during the pat-downs, the record did not support such a claim. *See id.* at PageID.247–51. Indeed, the R&R found that "dash-camera footage" blatantly contradicted Plaintiff's allegations. *See id.* Instead of depicting a sexual assault, the footage shows that Defendants "briefly frisked" Plaintiff, removed their hands from his front pockets, and placed him in handcuffs when they discovered narcotics. *See id.* At bottom, based on this video, the R&R concluded that Plaintiff's "story is too far-fetched for a reasonable factfinder to accept." *Id.* at PageID.250; *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record,"—especially by video evidence—"so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). As a result, the R&R recommended finding that Defendants did not violate Plaintiff's Fourth Amendment rights, granting summary judgment in Defendants' favor, and dismissing the Amended Complaint "in its entirety." *Id.* at PageID.251.

Plaintiff filed eight conclusory objections to the R&R. *See* ECF No. 34. First, Plaintiff argues that the R&R improperly downplayed Defendants' searches of his person by calling them pat-downs. *Id.* at PageID.260. Second, Plaintiff contends that portions of the R&R improperly minimized an "illegal and invasive search which resulted in the Plaintiff being sexually assaulted." *Id.* at PageID.261. Third, Plaintiff argues that portions of the R&R minimized the severity of the traffic stop by calling it a criminal investigation. *Id.* Fourth, Plaintiff argues that the Amended

Complaint and deposition alleged that he "was violated during these excessive searches," creating a dispute of fact. *Id.* Fifth, Plaintiff argues that any finding of qualified immunity would be improper "without the aid of a jury or factfinder." *Id.* Sixth, Plaintiff disagrees with the R&R's conclusion that the dash-camera video blatantly contradicts his version of the facts. *Id.* Seventh, Plaintiff contends that a jury must decide whether his genitalia or anus were touched. *Id.* And eighth, Plaintiff "maintains that his rights were violated and prays the court deny" summary judgment. *Id.* at PageID.262.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has properly objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). If the court will adopt the report without modification, then it may simply "state that it engaged in a de novo review of the record and adopts the report and recommendation" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012) ("[T]he district court's statement that it conducted de novo review is deemed sufficient").

This Court has reviewed Plaintiff's Amended Complaint, ECF No. 16; Defendants' Motion for Summary Judgment, ECF No. 25; Plaintiff's Response, ECF No. 28; Defendants' Reply, ECF

No. 29; Judge Morris's Report, ECF No. 31; Plaintiff's Objections, ECF Nos. 34; Defendants' Response to Plaintiff's Objections, ECF No. 35; the dash-camera video uploaded and on file with this Court, *see* ECF No. 25-9; and all other applicable filings on the docket. Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions and legal reasoning are correct. So Plaintiff's objections, ECF No. 34, will be overruled, Judge Morris's R&R, ECF No. 31, will be adopted, Defendants' Motion for Summary Judgment, ECF No. 25, will be granted, Plaintiff's Motion to Respond, ECF No. 33, will be denied as moot, and Plaintiff's Amended Complaint, ECF No. 16, will be dismissed with prejudice.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 34, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 31, is **ADOPTED**.

Further, it is **ORDERED** that Defendant Curtis Alward and Cody Siterlet's Motion for Summary Judgment, ECF No. 25, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Motion to Respond and Request for Register of Actions, ECF No. 33, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Amended Complaint, ECF No. 16, is **DISMISSED WITH PREJUDICE**.

**This is a final order that closes the above-captioned case.**

Dated: March 25, 2025                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge